Filed
D.C. Superior Court
08/02/2022 09:39AM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**RHATIA DOWNS JORDAN**
111 Top of the Rock Drive
Morgantown, WV 26508

**And**

**WALI RASHID JORDAN**                Civil Action No.: 2022 CA 003358 B
111 Top of the Rock Drive
Morgantown, WV 26508

        **Plaintiffs,**

*v.*

**GUNTHER CHARTERS, INC.**
7474 Shipley Avenue
Hanover, MD 21076

    **Serve on:**

        Martin Gunther
        7474 Shipley Ave.
        Hanover, MD 21076
        *Registered Agent*

**And**

**HUNT VALLEY MOTOR COACH, INC.**
7474 Shipley Avenue
Hanover, MD 21076

    **Serve on:**

        Edward F. Royston
        14307 Mount Avenue
        Phoenix, MD 21131
        *Registered Agent*

        **Defendants.**

EXHIBIT 1

## COMPLAINT

### (Automobile Negligence)

COME NOW the Plaintiffs, Rhatia Downs Jordan and Wali Rashid Jordan, by and through their counsel, Demosthenes Komis and the law firm of Karp, Wigodsky, Norwind, Kudel & Gold, P.A. and respectfully represent as follows:

### Parties. Jurisdiction and Factual Background

1.      This matter arises out of a motor vehicle collision that occurred in the District of Columbia on September 23, 2019 (hereinafter referred to as "the collision").

2.      Plaintiff Rhatia Downs Jordan (hereinafter referred to as "Ms. Jordan") is an adult residing in Morgantown, West Virginia.  At the time of the collision, Ms. Jordan resided in Washington, D.C.

3.      Ms. Jordan is married to Wali Rashid Jordan (hereinafter referred to as "Mr. Jordan").

4.      Mr. Jordan resides with Ms. Jordan in Morgantown, West Virginia.

5.      Upon information and belief, Defendant Gunther Charters, Inc. (hereinafter referred to as "Gunther Charters") is a corporation organized and existing under the laws of the State of Maryland with its principal office in Hanover, Maryland.

6.      Upon information and belief, Defendant Gunther Charters specializes in professional transportation services.

7.      Upon information and belief, Defendant Hunt Valley Motor Coach, Inc. (hereinafter referred to as "Hunt Valley Motor Coach") is a corporation organized and existing under the laws of the State of Maryland with its principal office in Hanover, Maryland.

8.      Upon information and belief, Defendant Hunt Valley Motor Coach specializes in motor coach transportation.

9.      This Honorable Court has personal jurisdiction over Defendants Gunther Charters and Hunt Valley Motor Coach pursuant to D.C. Code § 13-423, as Defendants Gunther Charters and Hunt Valley Motor Coach caused tortious injury in the District of Columbia by an act or omission in the District of Columbia.

10.     This Honorable Court has jurisdiction over the subject matter of this lawsuit pursuant to D.C. Code §11-921.

11.     On Monday, September 23, 2019 at about 7:32 p.m., Ms. Jordan was operating her vehicle on the on-ramp leading to Interstate-295 north from East Capitol Street in Southeast Washington, D.C. in a clearly marked lane for traffic when suddenly, and without warning, a bus (hereinafter referred to as "the bus") left its clearly marked lane for traffic and entered Ms. Jordan's lane from the right and struck the right side of her vehicle.

12.     The driver of the bus (hereinafter referred to as "the bus driver") did not stop the bus after the collision and fled the scene of the collision.

13.     The bus driver's identity is currently unknown by the Plaintiffs, since he or she fled the scene of the collision.

14.     Ms. Jordan suffered severe injuries in the collision, including, but not limited to, a head injury and concussion that resulted in post-concussion syndrome, cognitive deficits, memory loss, post-traumatic headaches, convergence insufficiency, ringing in her ears, vertigo and dizziness. Ms. Jordan continues to experience cognitive deficits and post-concussive symptoms nearly three years after the collision. Ms. Jordan also injured her neck, back and right shoulder in the collision and continues to suffer from right shoulder, neck and

back pain and limitations, among other symptoms.  Ms. Jordan has incurred, and will in the future incur medical, hospital, therapy, and other expenses for the care and treatment of her injuries.  She has suffered, and will in the future suffer physical pain, emotional distress, inconvenience, and permanent disability. She has lost income and will in the future lose income.  She has suffered a permanent impairment of her future earning capacity.  Ms. Jordan has been damaged in other ways.

## COUNT I
### (Negligence of Gunther Charters-Vicarious Liability/Respondeat Superior)

15.      Ms. Jordan hereby re-alleges and incorporates by reference herein paragraphs 1-14 of this Complaint.

16.      Upon information and belief, Defendant Gunther Charters operated the bus at the time of the collision.

17.      Upon information and belief, Defendant Gunther Charters owned the bus at the time of the collision.

18.      Upon information and belief, the bus driver was an employee of Defendant Gunther Charters at the time of the collision.

19.      Upon information and belief, the bus driver was an agent of Defendant Gunther Charters at the time of the collision.

20.      Upon information and belief, the bus driver was operating the bus on behalf of Defendant Gunther Charters at the time of the collision.

21.      Upon information and belief, the bus driver was operating the bus in furtherance of the business of Defendant Gunther Charters at the time of the collision.

22.     Upon information and belief, the bus driver was operating the bus within the scope of his employment, or agency, or both, for Defendant Gunther Charters at the time of the collision.

23.     At all relevant times herein, Defendant Gunther Charters, acting through its employee or agent, or both, the bus driver, owed Ms. Jordan a duty to operate the bus with ordinary care.

24.     Defendant Gunther Charters, acting through its employee or agent, or both, the bus driver, breached its duty to Ms. Jordan to use ordinary care in the following ways, all of which constituted violations of statutes, regulations, laws, and rules of the road in effect at the time in the District of Columbia:

      (i)    by negligently making an improper and unsafe lane change;

      (ii)    by negligently failing to avoid colliding with Ms. Jordan's vehicle;

      (iii)    by negligently failing to keep the bus entirely within a single lane;

      (iv)    by negligently moving the bus from its lane of travel without first ascertaining that the movement could be made safely;

      (v)    by negligently crossing a solid line in the roadway;

      (vi)    by negligently failing to keep the bus under proper control;

      (vii)    by negligently failing to keep the bus in its proper lane of travel;

      (viii)    by negligently failing to pay full time and attention to driving;

      (ix)    by negligently failing to keep a proper lookout;

      (x)    Defendant Gunther Charters, acting through its employee or agent, or both, the bus driver, was negligent in other ways.

25.    As a direct result of the aforesaid negligence, Ms. Jordan sustained the injuries and damages identified in paragraph 14 of this Complaint.

**COUNT II**
**(Negligence of Hunt Valley Motor Coach-Vicarious Liability/Respondeat Superior)**

26.    Ms. Jordan hereby incorporates by reference herein paragraphs 1-25 of this Complaint.

27.    Upon information and belief, Defendant Hunt Valley Motor Coach owned the bus at the time of the collision.

28.    Upon information and belief, Defendant Hunt Valley Motor Coach operated the bus at the time of the collision.

29.    Upon information and belief, the bus driver was an employee of Defendant Hunt Valley Motor Coach at the time of the collision.

30.    Upon information and belief, the bus driver was an agent of Defendant Hunt Valley Motor Coach at the time of the collision.

31.    Upon information and belief, the bus driver was operating the bus on behalf of Defendant Hunt Valley Motor Coach at the time of the collision.

32.    Upon information and belief, the bus driver was operating the bus in furtherance of the business of Defendant Hunt Valley Motor Coach at the time of the collision.

33.    Upon information and belief, the bus driver was operating the bus within the scope of his employment, or agency, or both, for Defendant Hunt Valley Motor Coach at the time of the collision.

34.     At all relevant times herein, Defendant Hunt Valley Motor Coach, acting through its employee or agent, or both, the bus driver, owed Ms. Jordan a duty to operate the bus with ordinary care.

35.     Defendant Hunt Valley Motor Coach, acting through its employee or agent, or both, the bus driver, breached its duty to Ms. Jordan to use ordinary care in the following ways, all of which constituted violations of statutes, regulations, laws, and rules of the road in effect at the time in the District of Columbia:

(i)     by negligently making an improper and unsafe lane change;

(ii)    by negligently failing to avoid colliding with Ms. Jordan's vehicle;

(iii)   by negligently failing to keep the bus entirely within a single lane;

(iv)    by negligently moving the bus from its lane of travel without first ascertaining that the movement could be made safely;

(v)     by negligently crossing a solid line in the roadway;

(vi)    by negligently failing to keep the bus under proper control;

(vii)   by negligently failing to keep the bus in its proper lane of travel;

(viii)  by negligently failing to pay full time and attention to driving;

(ix)    by negligently failing to keep a proper lookout;

(x)     Defendant Hunt Valley Motor Coach, acting through its employee or agent, or both, the bus driver, was negligent in other ways.

36.     As a direct result of the aforesaid negligence, Ms. Jordan sustained injuries and damages identified in paragraph 14 of this Complaint.

## Count III
### (Liability of Defendant Gunther Charters, Inc. Pursuant to
### D.C. Code § 50-1301.08)

37. Ms. Jordan hereby re-alleges and incorporates by reference herein paragraphs 1-36 of the Complaint.

38. At the time of the collision, the bus driver had the express or implied consent of Defendant Gunther Charters, Inc., the owner of the bus, to operate the bus on the public highways of the District of Columbia.

39. Pursuant to D.C. Code § 50-1301.08, the bus driver is deemed to have been the agent of Defendant Gunther Charters, Inc. at the time of the collision.

40. Accordingly, Defendant Gunther Charters, Inc. is liable for the bus driver's negligence and the resulting injuries and damages suffered by Ms. Jordan as described in paragraph 14 of the Complaint.

## Count IV
### (Liability of Defendant Hunt Valley Motor Coach, Inc. Pursuant to
### D.C. Code § 50-1301.08)

41. Ms. Jordan hereby re-alleges and incorporates reference herein paragraphs 1-40 of this Complaint.

42. At the time of the collision, the bus driver had the express or implied consent of Defendant Hunt Valley Motor Coach, Inc., the owner of the bus, to operate the vehicle on the public highways of the District of Columbia.

43. Pursuant to D.C. Code § 50-1301.08, the bus driver is deemed to have been the agent of Defendant Hunt Valley Motor Coach, Inc. at the time of the collision.

44. Accordingly, Defendant Hunt Valley Motor Coach, Inc. is liable for the bus driver's negligence and the resulting injuries and damages suffered by Ms. Jordan as described in paragraph 14 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rhatia Downs Jordan demands judgment of and against Defendants Gunther Charters, Inc. and Hunt Valley Motor Coach, Inc., jointly and severally, in the amount of One Million Dollars ($1,000,000) plus interest and costs.

### Count V
### (Loss of Consortium-Gunther Charters, Inc.)

45. Mr. Jordan re-alleges and incorporates by reference herein paragraphs 1-44 of the Complaint.

46. As a direct and proximate result of the negligence of Defendant Gunther Charters, acting through its employee or agent, or both, the bus driver, and the resulting injuries and damages to Ms. Jordan, as described in paragraph 14 of this Complaint, Mr. Jordan sustained and will in the future sustain injury to his marital relationship, including a loss of consortium, society, affection, assistance, services and companionship.

### Count VI
### (Loss of Consortium-Hunt Valley Motor Coach, Inc.)

47. Mr. Jordan re-alleges and incorporates by reference herein paragraphs 1-46 of the Complaint.

48. As a direct and proximate result of the negligence of Defendant Hunt Valley Motor Coach, acting through its employee or agent, or both, the bus driver, and the resulting injuries and damages to Ms. Jordan, as described in paragraph 14 of this Complaint,

Mr. Jordan sustained and will in the future sustain injury to his marital relationship, including a loss of consortium, society, affection, assistance, services and companionship of his spouse, Ms. Jordan.

### PRAYER FOR RELIEF

**WHEREFORE** the Plaintiff, Wali Rashid Jordan, respectfully demands judgment against the Defendants Gunther Charters, Inc. and Hunt Valley Motor Coach, Inc., jointly and severally, in the amount of Two Hundred and Fifty Thousand Dollars ($250,000), plus interest and costs.

Respectfully Submitted,

KARP, WIGODSKY, NORWIND, KUDEL & GOLD, P.A.

Demosthenes Komis, DC Bar #500606
dkomis@karplawfirm.net
2273 Research Boulevard, Suite 200
Rockville, Maryland 20850
Phone: 301-948-3800 Fax: 301-948-5449
*Attorney for Plaintiffs*

### JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

Demosthenes Komis